**ERIC BERG** (State Bar No. 134621)
**BERG LAW GROUP**
3905 State Street, Suite 7-104
Santa Barbara CA  93105
Telephone: 805.682.9888
Facsimile:  805.994.0110

Attorneys for Plaintiff
**BOUSTEAD SECURITES, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| BOUSTEAD SECURITIES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>GREEN HYGIENICS HOLDINGS, INC., a Nevada Corporation, and Does 1 through 10 inclusive,<br><br>Defendants. | Case No.  8:21-cv-2054<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction), in that the amount in dispute is in excess of $75,000, and there is complete diversity of citizenship between the parties.  Venue lies in the Central District of California, Southern Division, the judicial district in which the claim arose, pursuant to 28 U.S.C. §1392 (b).

COMPLAINT                                                               1

## PARTIES

2. Plaintiff Boustead Securities, LLC. ("Boustead") is a limited liability company duly registered under the laws of the State of California with its principal place of business located at 6 Venture #395, Irvine, California 92618.

3. Defendant Green Hygienics Holdings, Inc. ("GHH") is a Corporation incorporated under the laws of the State of Nevada with its principal place of business located at 50 West Liberty Street, Suite 880, Reno, Nevada 89501.

4. Boustead is ignorant of the true names and capacities of defendants sued herein as DOES I through 10, inclusive, and therefore sues these defendants by such fictitious names. Boustead will amend this complaint to allege their true names and capacities when ascertained.

## SUMMARY OF FACTS

5. This is an action for breach of contract. Boustead is an investment banking firm that advises clients on mergers and acquisitions, capital raises and restructuring in a wide array of industries and circumstances. GHH is a publicly traded company that markets itself as a "health and sustainability-focused enterprise driven by science to bring safe, hemp-derived products to global markets."

6. In 2020, GHH approached Boustead about acting as GHH's placement agent, on an exclusive basis, with respect to securing financings and mergers and acquisitions transactions for the benefit of GHH.

7. Thereafter, on September 18, 2020, Boustead and GHH entered into a "Placement Agent and Advisory Services Agreement." ("Agreement") A true and correct copy of the Agreement is attached as Exhibit A to this Complaint.

8. Paragraph 2 of the Agreement, entitled, "BSL's Compensation" provides that Boustead is to receive a "Cash Advisory Fee" of Two Hundred and Fifty Thousand (250,000) shares of GRYN upon the execution of the Agreement. However, the 250,000 shares were never issued to Boustead. Additionally, GHH

COMPLAINT 2

took advantage of Boustead's global brand and goodwill by issuing a press release touting the engagement agreement with Boustead – an Agreement that GHH never fulfilled.   Additionally, Paragraph 2 provides that Boustead is entitled to Success Fees based upon GHH's Equity Financing as defined in the Agreement.  In the event such Equity Financing is achieved, Boustead is to receive a Success Fee entitling it to certain compensation.  Equity Financing as defined in the Agreement was in fact achieved, and Boustead did all of the significant things that the Agreement required it to do.

9.  On July 1, 2021, Boustead introduced GHH to Patrick Hassani, Labrys Fund, LP, a friend of Boustead who approached Boustead with an interest in the GHH opportunity. GHH indicated the following day that it was not engaged with Boustead, and that a termination notice had been sent to Boustead to that effect.

10. Boustead responded immediately, reminding GHH that per the Agreement, Boustead was still engaged, and that Boustead had no record of ever having received a termination notice from GHH.  Boustead also pointed out that, even if such notice had been sent, it would have been ineffective as a formal termination pursuant to the terms of the Agreement.

11.  Boustead also reminded GHH that the initial term of the Agreement was six (6) months from GHH's delivery to Boustead of the Offering Memorandum, and that Boustead had not in fact received that Offering Memorandum.

12.  Pursuant to Paragraph 2 of the Agreement, GHH agreed "to issue Two Hundred and Fifty Thousand (250,000) common stock shares with an issuance date of the Effective Date as advisory fee ("Advisory Fee")"

13. GHH has failed to issue these shares to Boustead as required under the Agreement.

14. On July 13, 2021, Boustead issued a demand to GHH that GHH provide Boustead, on an immediate basis, with the 250,000 shares certificate, issued directly

to Boustead without restriction. Boustead further demanded that GHH take all steps necessary to cooperate with Boustead's deposit of the share certificate into Boustead's brokerage account.

15. Boustead's July 13, 2021 Demand remains unresponded to.

16. In addition to the 250,000 shares referenced above, Boustead further advised GHH of additional fees owed to Boustead pursuant to the terms of Exhibit A, and made formal demand for this payment as well. Boustead enclosed with its demand a Fee Calculation and Schedule, a true and correct copy of which is attached as Exhibit B to this Complaint. Pursuant to Exhibit B, the total cash value of the Fees Owed to Boustead as of September 19, 2021 is $1,763,611.00. This amount owed is in addition to the 250,000 shares demanded as part of Boustead's July 13, 2021 Demand Letter.

17. In support of its Demand, Boustead provided GHH with copies of the following:

   A. Summary of Fees Owed;
   B. Summary of GHH Financing Transactions as of June 17, 2021;
   C. Summary of GHH Mergers and Acquisitions Transactions as of June 17, 2021; and
   D. Exhibits A through N in support of Boustead's Fee Demand.

18. Boustead demanded that GHH provide them with (1) payment in the amount of $1,763,611.00; and (2) delivery of 250,000 shares by no later than November 5, 2021. Boustead further advised that if GHH failed to do so by this date, Boustead would promptly take formal action pursuant to the Dispute Resolution and Attorney Fees Provision of Exhibit A.

19. Pursuant to the Dispute Resolution and Attorney Fees Provision of Exhibit A (Paragraph 16), the parties agreed that "any controversy or claim relating to or arising from this Agreement (a "Dispute") shall be settled, as applicable, in

COMPLAINT 4

federal court located in Los Angeles, California." The parties further agreed that in the event any action was filed to enforce the terms of Exhibit A, "the prevailing party shall be entitled to recover from the other parties its reasonable attorneys', paralegals', accountants' and other experts' fees, and all other fees, costs and expenses actually incurred and reasonably necessary in connection therewith."

20. Additionally, pursuant to Paragraph 17 of Exhibit A, the parties waived any right they might have to a jury trial.

### FIRST CAUSE OF ACTION
**(For Breach of Contract against Defendants GHH and DOES 1 through 10)**

21. Boustead incorporates Paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Boustead and GHH, and Does 1 through 10, inclusive, entered into Exhibit A.

23. Boustead did all of the significant things that Exhibit A required it to do.

24. By refusing to pay Boustead the fees and stock demanded, as outlined above, GHH and Does 1 through 10, inclusive failed to perform pursuant to the terms of Exhibit A.

25. As a result of the actions of GHH and Does 1 through 10, inclusive, Boustead was harmed.

26. GHH and Does 1-10, inclusive's breach of the terms of Exhibit A was a substantial factor in causing Boustead's harm.

**WHEREFORE,** Boustead prays judgment against GHH and DOES 1 through 10, and each of them, as follows:

1. For general damages in an amount to be proven at trial;
2. For interest at the legal rate on the foregoing sum;
3. For costs of suit pursuant to law;
4. For attorney's fees and expenses pursuant to the Agreement; and

5. For such other and further relief as the court may deem proper.

Dated:  December 15, 2021                **BERG LAW GROUP**

                                         **By:** _____
                                         Eric Berg
                                         Attorneys for Plaintiff
                                         Boustead Securities, LLC

**BERG LAW GROUP**
3905 STATE STREET, SUITE 7-104
SANTA BARBARA, CA 93105

COMPLAINT                              6