David J. Hollander, Esq. (SBN: 135000)
LAW OFFICE OF DAVID J. HOLLANDER
2727 Camino Del Rio South, Suite 211
San Diego, CA 92108
Telephone: (619) 291-9652
Fax: (619) 291-9653
Email: david@dhollanderlaw.com

Attorney for Defendant, Green Hygienics Holdings, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOUSTEAD SECURITIES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>GREEN HYGIENICS HOLDINGS, INC., a Nevada Corporation; and Does 1 through 10, inclusive,<br><br>Defendant. | Case No.: 8:21-cv-2054-CJC-DFM<br><br>**DEFENDANT GREEN HYGIENICS HOLDINGS, INC.'S ANSWER TO THE COMPLAINT**<br><br>**Complaint Filed: 12/15/2021**<br>**Trial Date:        TBD**<br>**Honorable Cormac J. Carney** |

## I.

## THE ANSWER AND DEFENSES TO THE COMPLAINT

Defendant Green Hygienics Holdings, Inc., a Nevada corporation ("Green Hygienics" or "Defendant") hereby answers the Complaint of Plaintiff Boustead Securities, LLC on behalf of itself alone and no others, and admits, denies, and otherwise pleads its answer to the Complaint ("Complaint") as follows:

The following numbered paragraphs correspond to the numbered paragraphs in Plaintiff's Complaint.

ANSWER TO COMPLAINT - 1

**Jurisdiction and Venue**

1. This paragraph contains a legal conclusion, which Defendant is not required to admit or deny. Defendant denies that there is a complete diversity of citizenship between the parties because both plaintiff and defendant have their principal places of business in California.

**Parties**

2. Defendant admits the allegations in this paragraph.

3. Defendant admits the allegations in this paragraph except its principal place of business is located at 13795 Blaisdell Place, Suite 202, Poway, California 92064.

4. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations.

**Summary of Facts**

5. The first sentence of this paragraph contains a legal conclusion which Defendant is not required to admit or deny. Defendant lacks sufficient information to admit or deny the second sentence of this paragraph and on that basis denies the allegations. Defendant admits the allegations in the third sentence of this paragraph.

6. Defendant admits the allegations of this paragraph.

7. Defendant admits the allegations of this paragraph.

8. Defendant denies the allegations of the first sentence of this paragraph. Defendant admits the allegations of the second sentence of this paragraph. Defendant denies the allegations of the third, fourth, and fifth sentences of this paragraph.

9. Defendant denies the allegations in this paragraph.

10. This paragraph contains a legal conclusion which Defendant is not required to admit or deny.

11.   Defendant denies the allegations in this paragraph.

12.   Defendant denies the allegations in this paragraph.

13.   Defendant admits the allegations in this paragraph.

14.   Defendant admits the allegations in this paragraph in that a demand was issued, but Defendant denies the basis for the demand.

15.   Defendant admits the allegations in this paragraph.

16.   Defendant admits that Plaintiff made the demand and provided the exhibits, but Defendant denies that it owes Plaintiff any money because Plaintiff did not fulfill its obligations and duties required by the contract. The contract was modified and terminated prior to any "Cost Advisory Fee" or "Success Fee" being earned.

17.   Defendant admits that Plaintiff made the demand and provided the exhibits, but Defendant denies that it owes Plaintiff any money because Plaintiff did not fulfill its obligations and duties required by the contract. The contract was modified and terminated prior to any "Cost Advisory Fee" or "Success Fee" being earned.

18.   Defendant admits that Plaintiff made the demand and provided the exhibits, but Defendant denies that it owes Plaintiff any money because Plaintiff did not fulfill its obligations and duties required by the contract. The contract was modified and terminated prior to any "Cost Advisory Fee" or "Success Fee" being earned.

19.   Defendant admits the allegations in this paragraph.

20.   Defendant admits the allegations in this paragraph.

**Answer To First Cause of Action**

21.   Defendant incorporates by reference its responses to paragraphs 1-20 as set forth above.

22.   Defendant admits the allegations in this paragraph.

23. Defendant denies the allegations in this paragraph.
24. Defendant denies the allegations in this paragraph.
25. Defendant denies the allegations in this paragraph.
26. Defendant denies the allegations in this paragraph.

## II.

## AFFIRMATIVE DEFENSES TO THE CLAIMS FOR RELIEF

Defendant asserts as affirmative defenses to each and every claim for relief in the Complaint and to the Complaint as a whole, the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Lack Of Subject Matter Jurisdiction)

27. As a separate and distinct affirmative defense, Defendant is informed and thereon alleges that Plaintiff's claims should be barred because the Court lacks subject matter jurisdiction since there is no diversity of citizenship between the parties and both Plaintiff and Defendant have their principal place of business in California.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

28. As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that Plaintiff's claims should be denied for failure to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent – Failure of Condition to First Obtain Financing)

29. As a separate distinct affirmative defense, Defendant is informed and believes and thereon alleges that that Plaintiff's actions are barred due to the failure of the following condition precedent: Defendant failed to secure financing in the

amount of at least ten million dollars which would then trigger the contract between Plaintiff and Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Rescission)

30. As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that the underlying obligation is subject to rescission based on the grounds set forth in Civil Code section 1689(a).

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

31. As a separate and distinct affirmative defense, Defendant is informed and believe and thereon alleges that Plaintiffs claims should be barred or reduced based on the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

32. As a separate and distinct affirmative defense, Defendant is informed and believe and thereon alleges that Plaintiff has waived and/or is estopped from making any of the claims set forth in his Complaint by the principles of equitable and promissory estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Uncertainty)

33. As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that the Complaint, and each claim for relief therein, is uncertain.

## EIGHTH AFFIRMATIVE DEFENSE
### (Performance of Conditions Subsequent)

34. As a separate and distinct affirmative defense, Plaintiff failed to perform conditions subsequent.

### NINTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

35. As a separate and distinct affirmative defense, Plaintiff is barred from recovery under the principle of unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE
### (Void Contracts)

36. As a separate and distinct affirmative defense, Defendant is informed and believe, and thereon alleges that any of the contracts alleged by Plaintiff in the Complaint were void due to fraud, forgery, illegality, impossibility, frustration of purpose, improper execution, or otherwise, and thus no liability may be found against Defendant upon the alleged contracts.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

37. As a separate and distinct affirmative defense, Defendant is informed and believes, and thereon alleges that Plaintiff and/or its assignors has expressly and/or impliedly waived any and all rights as against Defendant, thereby barring or diminishing Plaintiff's recovery herein.

### TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

38. As a separate and distinct affirmative defense, Defendant is informed and believes, and thereon alleges that the Complaint, and each and every cause of action therein, is barred by the Statutes of Limitations applicable to the causes of action pleaded therein, including but not limited to, provisions of California Code of Civil Procedure sections 337, 337.1, 337.15, 338, 339, and 343.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Laches)

38. As a separate and distinct affirmative defense, Defendant is informed

and believes, and thereon alleges that the Complaint, and each and every cause of action therein, is barred under the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Nonperformance)

39. As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that Defendant was excused from performing any obligations under any of the contracts alleged by Plaintiff in the Complaint because Plaintiff first failed to perform its obligations, duties and responsibilities.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

40. As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that they presently have insufficient knowledge or belief as to whether they may have additional affirmative defenses available. Defendant reserves the right to assert any additional defenses in the event that discovery indicates that it would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint;
2. For attorneys' fees and the cost of suit herein; and
3. For such other and further relief as the court may deem just and proper.

Dated: February 10, 2022     By: /s/ David J. Hollander

David J. Hollander, Esq.
SBN: 135000
Law Office of David J. Hollander
2727 Camino Del Rio South, Suite 211
San Diego, CA 92108
(619) 291-9652
david@dhollanderlaw.com
Attorney for Defendant,
Green Hygienics Holdings, Inc.

ANSWER TO COMPLAINT - 7